## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| HERIBERTO MORALES, <u>et al.</u>, <br><br> **Plaintiff(s)** <br><br> v. <br><br> TOTAL PETROLEUM PUERTO RICO CORPORATION, <u>et al.</u>, <br><br> **Defendant(s)** | **CIVIL NO.** 09-1478 (JAG) |

### MEMORANDUM AND ORDER

GARCIA-GREGORY, D.J.

A District Court may refer pending dispositive motions to a Magistrate Judge for a report and recommendation. <u>See</u> 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); Local Rule 72(a). Any party adversely affected by the report and recommendation may file written objections within ten days of being served with the Magistrate Judge's report. <u>See</u> 28 U.S.C. § 636(b)(1). A party that files a timely objection is entitled to a <u>de novo</u> determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." <u>Sylva v. Culebra Dive Shop</u>, 389 F. Supp.2d 189, 191-92 (D.P.R. 2005) (citing <u>United States v. Raddatz</u>, 447 U.S. 667, 673 (1980)). Failure to comply with this rule precludes further review. <u>See</u> <u>Davet v. Maccorone</u>, 973 F.2d 22, 30-31 (1st Cir. 1992). In conducting its review, the Court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate

Civil No. 09-1478 (JAG)                                                    2

Judge." 28 U.S.C. § 636 (a)(b)(1). Templeman v. Cris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985); Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc., 286 F. Supp.2d 144, 146 (D.P.R. 2003). Furthermore, the Court may accept those parts of the report and recommendation to which the parties do not object. See Hernandez-Mejias v. General Elec., 428 F. Supp.2d 4, 6 (D.P.R. 2005) (citing Lacedra v. Donald W. Wyatt Detention Facility, 334 F. Supp.2d 114,125-126 (D.R.I. 2004)).

In the present case, Heriberto Morales, his wife, Doris Visbal, and the conjugal partnership composed by both of them (collectively "Plaintiffs") requested a temporary restraining order and preliminary injunction from this Court enjoining co-defendant Total Petroleum Puerto Rico Corporation ("TOTAL") from selling fuel to a gas station located in Aguadilla, Puerto Rico (hereinafter referred to as "Aguadilla Station") that is owned by them; directing co-defendant Frankie Vega ("Vega") to cease all operations of the station; directing Vega to issue a five thousand nine hundred and fifty dollar ($5,950) payment for each of the following months: December 2008, January, February, March, April, May 2009, and for any other month that Vega occupies and operates the Aguadilla Station. (Docket No. 4). On May 28, 2009, this Court denied Plaintiffs' request for a temporary restraining order and referred the request for a preliminary injunction to a Magistrate Judge. (Docket No. 8). On June 16, 2009, the Magistrate Judge

Civil No. 09-1478 (JAG)                                               3

issued a Report and Recommendations. (Docket No. 22). Only one objection was filed to the Report and Recommendation. Namely, Vega claimed in his objection that this Court lacked subject matter jurisdiction over Plaintiffs' claims and, as such, this Court should set aside the Report and Recommendation and dismiss the present case. (Docket No. 30). On July 8, 2009, this Court issued an Opinion and Order denying Vega's dismissal request based on lack of jurisdiction. (Docket No. 33). Since there are no other objections, after a <u>de novo</u> review, this Court **ADOPTS** the Magistrate Judge's Report and Recommendation. The Court accepts the Settlement Agreement reached by the parties and grants Plaintiffs' request to withdraw their preliminary injunction, (Docket No. 4), without prejudice.

    IT IS SO ORDERED.

    San Juan, Puerto Rico, this 10th day of July, 2009.

                                    <u>S/Jay A. Garcia-Gregory</u>
                                      JAY A. GARCIA-GREGORY
                                      United States District Judge